# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| BUMBLE TRADING, INC. and BUMBLE HOLDING, LTD., | § § § | |
| Plaintiffs/Counter-Defendants, | § § | C.A. No. 6:18-cv-00350-ADA |
| VS. | § § | |
| MATCH GROUP, LLC, | § § | |
| Defendant/Counter-Plaintiff. | § § § | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

In further support of its Notice of Non-Opposition to Plaintiff's Motion to Dismiss Without Prejudice Pursuant to Federal Rule of Civil Procedure 41 ("Notice," ECF No. 32), Defendant Match Group, LLC ("Match") offers the following supplemental authority:

As stated in Match's Notice of Non-Opposition, while Match does not oppose dismissal of plaintiffs' claims, the Court may condition the dismissal "on a restriction that any re-filed allegations be brought in the Western District of Texas given that Bumble's present request was made to avoid an adverse decision related to Match's [then-]pending motion to transfer." Notice at 3. In light of the recent decision by Judge Kinkeade granting Match's motion to transfer to this Court ("Transfer Decision," ECF No. 34), such a restriction is all the more appropriate and should be imposed.

As Judge Kinkeade held, "there is a likelihood of substantial overlap between" plaintiffs' claims and the first-filed patent litigation pending in this Court. Transfer Decision at 3. That has been clear from day one, when plaintiffs first filed their claims in Dallas County court, forcing Match to file a notice of removal and to litigate a motion to transfer to finally bring these claims to this Court, where they have always belonged.

In these circumstances, numerous courts have held that any voluntary dismissal should be conditioned on a requirement than any refiled claims be refiled in the transferee court.  As the Eleventh Circuit explained, such conditions are appropriate to avoid "unfairness of having to relitigate the issue of the more convenient forum for [the] dispute" and because they "promote[] judicial economy because the transfer . . . maintains its legal force."  *Versa Prod., Inc.* v. *Home Depot, USA, Inc.*, 387 F.3d 1325, 1329 (11th Cir. 2004).  The Eleventh Circuit further noted that "[t]he condition does nothing more than preserve, upon refiling, the status quo ante."  *Id.*; *see also Scholl* v. *Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir. 1964) (affirming condition that removed action be refiled in federal, not state, court).

　　　While the Fifth Circuit has not specifically addressed this issue, it has quoted the Eleventh Circuit's decision approvingly and noted that "where a defendant has already been granted an FNC venue transfer, where a plaintiff has a repeated history of vexatious forum-shopping causing significant inconvenience to the defendant, perhaps a refiling restriction would be called for."  *Bechuck* v. *Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016).  At least one district court in the Fifth Circuit has also denied Rule 41 relief entirely where the plaintiff had "filed a non-patent case [in state court], in an attempt to avoid [previously filed patent litigation in the transferee] federal court."  *Legacy Separators LLC* v. *Halliburton Energy Servs. Inc.*, 2015 WL 5093442, at *5 (S.D. Tex. Aug. 28, 2015).

　　　Accordingly, the Court would be well within its discretion to require plaintiffs to refile any claims in this Court in order to avoid undermining Judge Kinkeade's decision and to avoid the unnecessary expense of another round of removal and transfer.

Dated: December 6, 2018

Respectfully submitted,

**CALDWELL CASSADY CURRY P.C.**

*/s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Marc Wolinsky (admitted *pro hac vice*)
Stephen R. DiPrima (*pro hac vice* forthcoming)
Nathaniel D. Cullerton (*pro hac vice* forthcoming)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: 212-403-1000
Facsimile: 212-403-2000

**ATTORNEYS FOR
MATCH GROUP, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018 a copy of the foregoing document was served upon all counsel of record through the Court's CM/ECF system.

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell

3