*Exhibit A*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **BUMBLE TRADING INC. and BUMBLE HOLDING, LTD** | § § § § | |
| Plaintiffs/Counter-Defendants, | § § | No. 6:18-cv-00350-ADA |
| v. | § § | |
| **MATCH GROUP, LLC** | § § § | |
| Defendant/Counter-Plaintiff. | § § § § | |

**DEFENDANT MATCH GROUP, LLC'S SURREPLY TO PLAINTIFFS' MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS**

# **TABLE OF CONTENTS**

I. Argument in Sur-Reply ................................................................................................ 1

    A. The Court Cannot and Should Not Dismiss Counterclaims 1-6 .................................... 1

    B. Counterclaim 7 Presents a Federal Question. ................................................................ 3

    C. Counterclaims 10 and 11 Also Present Federal Questions. ........................................... 5

    D. Supplemental Jurisdiction Exists Over Any State Law Claims. .................................... 6

    E. The Court Should Not Decline Jurisdiction for Any State Law Claim. ......................... 7

        i. The Court Should Not Decline Supplemental Jurisdiction ........................................ 7

        ii. The Court Should Not Decline Declaratory Judgment Jurisdiction. ......................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Competitive Techs. v. Fujitsu Ltd.*
   286 F. Supp. 2d 1118 (N.D. Cal. 2003) ...................................................................................... 9

*Ferring B.V. v. Fera Pharm., LLC*
   2014 WL 4829053 (E.D.N.Y. Aug. 13, 2014) ........................................................................ 10

*Go Figure, Inc. v. Curves Int'l, Inc.*
   2010 WL 1424411 (S.D. Tex. Apr. 8, 2010) ............................................................................ 6

*Greene v. H & R Block E. Enterprises, Inc.*
   727 F. Supp. 2d 1363 (S.D. Fla. 2010) ..................................................................................... 2

*Hildebrand v. Honeywell, Inc.*
   622 F.2d 179 (5th Cir. 1980) .................................................................................................... 5

*Jang v. Boston Scientific Corp.*
   767 F.3d 1334 (Fed. Cir. 2014) ................................................................................................ 4

*Janvey v. Willis of Colorado Inc.*
   2014 WL 12670763 (N.D. Tex. Dec. 5, 2014) ..................................................................... 2, 3

*M2 Tech., Inc. v. M2 Software, Inc.*
   589 F. App'x 671 (5th Cir. 2014) ............................................................................................. 6

*MedImmune, Inc. v. Genentech, Inc.*
   549 U.S. 118 (2007) ................................................................................................................. 6

*My Café–CCC, Ltd. v. Lunchstop, Inc.*
   107 S.W.3d 860 (Tex. App.—Dallas 2003, no pet.) ................................................................ 8

*Oliney v. Gardner*
   771 F.3d 856 (5th Cir. 1985) .................................................................................................... 3

*Paktank Corp.-Deer Park Terminal v. Texas Mooring, Inc.*
   1992 WL 150161 (S.D. Tex. Jan. 3, 1992) .............................................................................. 5

*Sherwin-Williams Co. v. Holmes County*
   343 F.3d 383 (5th Cir. 2003) .................................................................................................. 10

*Smith v. Kenda Capital, LLC*
   451 S.W.3d 453 (Tex. App.—Hous. [14th Dist.] 2014, no pet.) ................................................ 8

*TTEA v. Ysleta del sur Pueblo*
   181 F.3d 676 (5th Cir. 1999) ..................................................................................................... 5

*Vanover v. NCO Fin. Servs., Inc.*
   857 F.3d 833 (11th Cir. 2017) .................................................................................................... 2

*Wellogix, Inc. v. SAP Am., Inc.*
   648 F. App'x 398 (5th Cir. 2016) ......................................................................................... 8, 9

## Statutes

28 U.S.C. § 1295 .............................................................................................................................. 4

28 U.S.C. § 1338(a) ......................................................................................................................... 4

28 U.S.C. § 1367 .............................................................................................................................. 7

28 U.S.C. § 1367(c) ......................................................................................................................... 7

28 U.S.C. § 1367(c)(1) ..................................................................................................................... 7

I.  **ARGUMENT IN SUR-REPLY**

In its Reply, Bumble[1] raised several new and misleading arguments in an attempt to defeat Match's aim of having all aspects of the parties' dispute heard in one forum, a result that would conserve judicial resources and be fair to both parties. Match therefore respectfully submits this Sur-Reply, to correct the record and make clear that the Court has the authority, and should exercise that authority, to hear all of these claims and promote efficiency.[2] Bumble's motion to dismiss should be denied.

   A.  **The Court Cannot and Should Not Dismiss Counterclaims 1-6**

Bumble argues that Counterclaims 1-6 should be dismissed because they are redundant of claims asserted in the 18-cv-80 case. However as explained in Match's opposition—and which Bumble does not dispute—Counterclaims 1-6 are asserted against an entity that is not part of Match's original lawsuit—Bumble Holding.[3] Faced with this, Bumble raises for the first time in its Reply a new argument: that Match's claims "raise[] the specter" of dismissal under the claim-splitting doctrine. Dkt. 56 at 2. Bumble is wrong.

*First*, claim splitting applies only where the previously filed case would preclude a claim as a matter of *res judicata* in the second-filed case. As Bumble's own authority demonstrates,

---

[1] Unless described separately, references to "Bumble" includes both Bumble Trading Inc. and Bumble Holding, Ltd.

[2] For example, Bumble does not dispute Match's allegations about Bumble's prior improper delaying of service of the complaint in this action, but instead claims that it was permissible because Match engaged in "shenanigans" first by "fil[ing] a complaint, wait[ing] to serve it, and stirr[ing] a media reaction to the litigation." Dkt. 56 at 1 n.1. This is false, as is clear from the docket itself. Match filed the Complaint on Friday, March 16, requested issuance of a summons on Monday, March 19, and served the Complaint, Tuesday, March 20. 18-cv-80 Dkts. 1, 5, 6. The case was delayed because Bumble sought extensions. *Id.* 11, 17, 19. Meanwhile, Bumble served its lawsuit only when facing dismissal for want of prosecution. Dkt. No. 1-11.

[3] Bumble Holding does not dispute that it refused to allow itself to be joined to the 18-cv-80 case.

1

Case 6:18-cv-00350-ADA Document 57-2 Filed 01/04/2019 Page 7 of 16

the test requires the first case and second case to involve *the same parties* (or their privies). *See Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841-42 (11th Cir. 2017) (recognizing that first factor of claim splitting analysis is "whether the case involves the same parties and their privies" and finding that "district court correctly found that the first prong of the claim-splitting analysis is satisfied, as the parties are identical in *Vanover I* and *Vanover II*"). Bumble Trading and Bumble Holding are not the same, and Bumble has not argued, much less established, that the parties are in privity. Claim-splitting cannot apply.

*Second*, even if the Court determines that the test for claim-splitting has been satisfied, the Court should not dismiss these claims. Claim-splitting is a discretionary doctrine related to the Court's inherent power to manage its docket, *Janvey v. Willis of Colorado Inc.*, 2014 WL 12670763, at *7 (N.D. Tex. Dec. 5, 2014), and the Court's resources would be best served by maintaining these counterclaims and consolidating them with the 18-cv-80 case, which involves substantially similar and overlapping issues. None of the traditional claim-splitting concerns of wasteful litigation are present because the cases will proceed on the same schedule and go to final judgment at the same time in the same court.

Bumble also maintains that the Court can dismiss these counterclaims at least against Bumble Trading alone because they are improperly redundant of claims pending in the 18-cv-80 case. But dismissal for allegedly redundant or duplicative claims is merely a creature of the discretionary claim-splitting doctrine and its use for efficient docket management. *See, e.g.*, *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (noting that duplicative claims are addressed by the claim-splitting doctrine). Courts decline to exercise that discretion where consolidation can appropriately address all docket management concerns.

*Willis of Colorado Inc.*, 2014 WL 12670763, at *7 (denying dismissal for claim splitting where management concerns were addressed by consolidation).

The Court should also reject Bumble's misleading claim that Match duplicated litigation via an "incorrect procedure" in order to "expand [its] procedural rights." Dkt. 56 at 3. Match used no "incorrect procedure" in filing these counterclaims.[4] Bumble Trading and Bumble Holding, an entity not previously involved in the 18-cv-80 case, sued Match. Match alleged counterclaims against those entities, as is its right. These patent-related counterclaims were alleged as counterclaims because Bumble's case alleged that those same patent claims were frivolous. Because Match's intent is to consolidate related claims—and have those claims resolved on the same schedule— the Court should exercise its discretion to maintain the claims.

### B. Counterclaim 7 Presents a Federal Question.

Bumble is also incorrect in asserting that Counterclaim 7 does not raise a federal question. Bumble does not dispute that Match's conduct in filing the 18-cv-80 case and discussing it publicly are privileged under the *Noerr-Pennington* doctrine. Nor does Bumble dispute that, in order to meet any burden to prove that Match acted wrongfully, Bumble must affirmatively prove that each and every allegation in that lawsuit was objectively baseless.

Without explanation—and citing a Supreme Court case about a reimbursement claim arising from settlement of a personal injury lawsuit—Bumble argues that this is a "fact-bound and situation-specific" question that therefore does not raise a substantial issue of federal law. Dkt. 56 at 4. This makes no sense. The Federal Circuit has expressly addressed this question and concluded that claims like Bumble's tortious interference claim pose substantial questions of

---

[4] Indeed, the cases cited by Bumble caution courts not to allow duplicative litigation filed "by the incorrect procedure" that essentially circumvent rules governing motions for leave, waivers a right to trial by jury, scheduling deadlines, and the like. *See, e.g.*, *Oliney v. Gardner*, 771 F.3d 856, 859 (5th Cir. 1985).

3

patent law.  *E.g.*, *Jang v. Boston Scientific Corp.*, 767 F.3d 1334, 1338 (Fed. Cir. 2014).  They arise under the exclusive jurisdiction of federal court.[5]

Bumble also contends that the counterclaim fails the "necessary" prong because Match seeks a declaration broader than merely a declaration that Match did not interfere with Bumble by filing the 18-cv-80 lawsuit.  Bumble is wrong again.  As Match previously argued, Bumble has still given Match no reason to believe that Bumble will allege that any other action during the parties' acquisition negotiations was tortious other than those already raised.  A declaration that Match engaged in no tortious conduct during its negotiations and a declaration that Match's actions in filing the 18-cv-80 lawsuit were not tortious are one in the same.  But even assuming Match's pleading seeks broader relief, seeking a *broader* declaration still *necessarily* raises the patent law issues because a declaration that Match has done nothing wrong necessarily includes a declaration that Match did not act wrongfully when it filed its lawsuit.  And despite Bumble's attempt to conjure slippery-slope calamities, no federal courts will be "flooded" by litigants seeking declarations of non-liability, where the declaration sought necessarily implicate patent questions.  Counterclaim 7 poses a federal question and cannot be dismissed.

---

[5] Bumble tries to distinguish this binding authority on two grounds.  First, Bumble claims that it is distinguishable because *Jang* dealt with a situation in which validity was *required* to be determined. Dkt. 56 at 5 n.5.  But even putting aside the fact that the only aspect of Match's utility patent infringement claim Bumble alleged was frivolous was its argument that the patents were invalid, *Jang* itself mentioned that validity itself may or may not be determined in the state law claim. *Jang*, 767 F.3d at 1337.  It therefore cannot be distinguished on this basis.  Second, Bumble contends that *Jang* addressed only Federal Circuit jurisdiction vis-à-vis regional circuits.  But the governing statutes for Federal Circuit jurisdiction and exclusive federal patent jurisdiction are identical.  28 U.S.C. § 1338(a) (providing that federal courts will have exclusive jurisdiction of any claim "arising under" patent law); 28 U.S.C. § 1295 (providing the Federal Circuit has jurisdiction over claims "arising under" patent law).  *See also Jang*, 767 F.3d at 1337 (distinguishing *Gunn*, which involved a question of exclusive federal jurisdiction, not inter-circuit jurisdiction).  Unsurprisingly, Bumble cites no case supporting its position that a claim necessarily addressing patent claim scope and likely implicating patent validity concerning a non-expired patent fails to arise under patent law.

4

Case 6:18-cv-00350-ADA   Document 58   Filed 01/07/19   Page 10 of 16
Case 6:18-cv-00350-ADA   Document 57-2   Filed 01/04/2019   Page 10 of 16

### C.     Counterclaims 10 and 11 Also Present Federal Questions.

Counterclaims 10 and 11 also present federal questions giving rise to federal jurisdiction. Again, Bumble provides no legitimate argument otherwise.

Bumble does not dispute that the same facts it alleged in its state court petition would independently implicate federal trade secrets allegations under the DTSA.  Instead, Bumble makes a form-over-substance argument that federal jurisdiction can attach only if Match wrote the words "Defend Trade Secrets Act."  But again, the Court has independent authority (and a duty) to construe the complaint in a manner that gives rise to jurisdiction.  *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) ("[T]he district court has a duty . . . to read the complaint liberally and determine whether the facts set forth justify it assuming jurisdiction on grounds other than those pleaded."); *accord Paktank Corp.-Deer Park Terminal v. Texas Mooring, Inc.*, 1992 WL 150161, at *1 (S.D. Tex. Jan. 3, 1992) (pleadings should be liberally construed when addressing motions to dismiss for lack of jurisdiction).  Match's counterclaims expressly asked for non-liability for misappropriation of trade secrets, a finding that would necessarily implicate both state and federal law.  Bumble simply ignores that incontrovertible fact.[6]  Because counterclaims 10 and 11 both implicate the DTSA—a claim that Bumble could have brought—they pose federal questions giving rise to federal question jurisdiction.[7]  Although

---

[6] To the extent the Court believes otherwise, Match can address Bumble's complaint with an amendment changing less than 10 words.  The mere fact that this is disputed highlights the lengths to which Bumble will go to posture itself to litigate one dispute in separate fora.

[7] In a footnote, Bumble also contends that binding authority indicating that Match's counterclaims raise federal questions are "distinguishable on [their] facts."  Dkt. 33 at 6 n.7.  But the differing facts make no legally significant difference.  District courts have federal question jurisdiction over any claim a declaratory judgment defendant *could have* brought.  *TTEA v. Ysleta del sur Pueblo*, 181 F.3d 676, 682 (5th Cir. 1999); *see also M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671,

5

Case 6:18-cv-00350-ADA Document 57-2 Filed 01/04/2019 Page 11 of 16

Bumble implies that Counterclaim 10 is differently situated because it seeks a declaration of contractual rights, this distinction is jurisdictionally irrelevant. Counterclaim 10 still poses a federal question because the declaration sought is a defense to the DTSA federal claim. *See Go Figure, Inc. v. Curves Int'l, Inc.*, 2010 WL 1424411, at *3 (S.D. Tex. Apr. 8, 2010) (claim seeking declaration concerning defense to federal claim poses federal question).

Bumble also urges the Court to ignore the DTSA question by implying that there is not a case-and-controversy over the claim since Bumble's original lawsuit avoided pleading it. Bumble is again incorrect. The case-and-controversy requirement requires that the dispute be based on the operative set of *facts*. *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (relief available where court can enter a declaration of conclusive character, rather than "advising what the law would be upon a hypothetical state of facts."). A litigants' artful pleading strategy to omit a federal question that exists on the facts alleged has nothing to do with subject matter jurisdiction. *See Household Bank*, 320 F.3d at 1259 (federal jurisdiction despite declaratory judgment defendant's non-binding promise not to assert federal claim).

### D. Supplemental Jurisdiction Exists Over Any State Law Claims.

***Counterclaims 7 and 9.*** State law claims alleging tortious interference based on patent infringement allegations arise out of the same set of facts as the patent infringement claim itself. *See* Dkt. 46 at 8, 12 n.7. In Reply, Bumble reiterates its position that Match's allegation seeking allegedly broader relief neuters this common relationship and that this "broader" declaration is a "fundamentally different set of facts." Dkt. 33 at 6. But again, when there is overlap between a

---

676 (5th Cir. 2014) (federal question in declaratory judgment case based on coercive action that defendant could have brought).

6

patent claim and a narrower related state claim, there is necessarily a common overlap between patent infringement and the broader claim. Additional facts would not change the common ones.

***Counterclaims 10 and 11.*** Bumble also does not dispute that its state law claims would arise from common facts as a DTSA claim; it merely disputes that the complaint could be read to include the DTSA. As discussed, the Court must construe the complaint as alleging this claim.

Even putting the DTSA aside, the "scheme" nature of Bumble's allegations would still create supplemental jurisdiction, by Bumble's own admission. Bumble's petition admitted that claims related to Match's alleged misuse of confidential information were interrelated with claims concerning the filing of the federal-question-laden 18-cv-80 lawsuit. Faced with this admission, Bumble strangely states that "Bumble's claims are not at issue." Dkt. 56 at 7 n.7. But Bumble's allegations are exactly what is at issue, and those claims allege an interrelated scheme. Supplemental jurisdiction also exists on this basis.

**E.    The Court Should Not Decline Jurisdiction for Any State Law Claim.**

i.    <u>The Court Should Not Decline Supplemental Jurisdiction</u>

Bumble also fails to provide a convincing response that the Court should decline jurisdiction under 28 U.S.C. § 1367. The provisions in Section 1367(c) are purely discretionary. Therefore, if the Court prefers handling these claims in one forum at one time, the Court need not entertain Bumble's arguments related to 1367(c) at all. Nevertheless, even if the Court were inclined to evaluate those considerations, none provide a valid basis to refuse jurisdiction.

First, Bumble contends that the state court counterclaims should be dismissed because all federal counterclaims will be. But the federal question counterclaims should not be dismissed, as discussed above. Therefore, the Court cannot dismiss the state law claims under 1367(c)(1).

Second, state-law issues do not predominate over the federal-law issues implicated by the counterclaims, nor are the issues so complex as to justify dismissal. The patent infringement and

7

the DTSA claims are both substantial federal questions and involve allegations overlapping with the state-law claims. These overlapping state law claims do not predominate over the federal claims; indeed nothing about these bread-and-butter state law claims are sufficiently novel or complex to provide a basis for dismissal. Rather, federal courts regularly exercise jurisdiction over these sorts of state law claims. Dkt. 46 at 12 n.7.

In particular, with respect to counterclaim 10—which seeks a declaration that certain of Bumble's claims are within the reach of an operative forum selection clause—Bumble argues in a conclusory manner that it implicates "complex issues" because "Texas does not enforce forum selection clauses that contravene public policies, that overreach, or that are waived by conduct." Dkt. 56 at 9. Bumble, however, provides no support for the idea that these issues are "complex" and asks the Court to merely accept its say-so. In fact, the allegedly complex questions posed by Bumble are well-settled in favor of Match's position.[8] And unsurprisingly, federal courts routinely deal with these types of forum selection clause issues. *See, e.g.*, *Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 400 (5th Cir. 2016) (affirming decision to find no waiver and enforce forum selection clause against state law claim).

Furthermore, because the DTSA—a federal theory—is implicated by Match's counterclaims, and because Match's counterclaim is a defense to that federal theory, the Court will nevertheless need to resolve these issues regardless of how difficult or complex they are.

---

[8] Match does not waive the forum selection clause by pleading claims in the alternative. *See My Café–CCC, Ltd. v. Lunchstop, Inc.,* 107 S.W.3d 860, 866 (Tex. App.—Dallas 2003, no pet.) (pleading alternative theories does not waive forum selection cause). Bumble is also bound by the contract; a party who seeks benefits under an agreement (as Bumble does here) is bound by the agreement, including any forum selection clause. *Smith v. Kenda Capital, LLC*, 451 S.W.3d 453, 458 (Tex. App.—Hous. [14th Dist.] 2014, no pet.) (party cannot deny forum selection clause when party alleges claim that "references or presumes the existence of" the agreement containing the forum selection clause). Bumble fails to make any concrete argument regarding other issues and Match therefore does not address them.

8

*See Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1143 (N.D. Cal. 2003) (concluding that state law issues did not predominate "given that [defendant's] counterclaims are based on the same facts as are the defenses it will present in this action"). Bumble's proposed dismissal of state-law claims would in effect bifurcate the state-law claims from the DTSA claims, which in turn would lead to the possibility of inconsistent results.[9]

Bumble also fails to provide any other "compelling reason[]" for the Court to decline supplemental jurisdiction. Dkt. 56 at 9. Bumble ignores that it was the one that elected to file compulsory counterclaims to Match's original lawsuit in a state court forum and that it alone is the one that precipitated the need for declaratory judgment relief by seeking to dismiss its affirmative case indefinitely—without any indication on when any future case would be filed, where it would be filed, or even what the complaint would look like. Bumble cites no case declining supplemental jurisdiction in analogous circumstances.

      ii.      <u>The Court Should Not Decline Declaratory Judgment Jurisdiction.</u>

The Court should also not decline jurisdiction under the Declaratory Judgment Act. Bumble argues that Match's counterclaims should be dismissed because, even if Match wishes to avoid piecemeal litigation by having one Court hear the entirety of the parties' dispute, Bumble is going to file duplicative and wasteful lawsuits anyway. Dismissal on this basis makes no sense. For one, the Court should not reward Bumble's strategy of filing duplicative litigation and wasting judicial resources by enabling its plan to do just that. But in any event, there is simply not a sufficient record to evaluate Bumble's claim. Although it has been months since Bumble determined it would seek dismissal without prejudice of its original claims, Bumble has

---

[9] The Court also need not dismiss Counterclaim 10 because the Court has discretion to enforce a forum selection clause before evaluating whether it has subject matter jurisdiction over the underlying claim. *Wellogix, Inc.* 648 F. App'x at 400

still not informed Match of these allegedly new allegations or provided the basis for why those claims are unrelated to the disputes pending in federal court. Bumble's self-serving arguments about a lack of relatedness of these claims cannot serve as a legitimate basis for dismissal.

Further, regardless of whether new allegations arise that are unrelated to the current dispute, Bumble's original state court allegations have not been conclusively dismissed on the merits, with prejudice. As long as Bumble maintains the ability to litigate those claims on the merits, Match is entitled to press its defenses through a declaratory judgment action in federal court. *See, e.g.*, *Ferring B.V. v. Fera Pharm., LLC*, 2014 WL 4829053, at *6 (E.D.N.Y. Aug. 13, 2014) (refusing to dismiss "mirror image" counterclaims in light of threat of future litigation). If Bumble dismisses its affirmative claims *with prejudice*, the parties can revisit this issue.

Additionally, Bumble reiterates its position that *any* selection of forum shopping is *per se* anticipatory and should be dismissed. Controlling authority expressly contradicts Bumble's argument. *Sherwin-Williams Co. v. Holmes County* 343 F.3d 383, 391 (5th Cir. 2003) ("[F]iling a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation . . . .'").

Finally, Bumble argues that Match's counterclaims can be dismissed simply because they seek declarations related to defenses to Bumble's original claims. Bumble cites no case in which a Court dismissed defensive declaratory judgment claims where the "true" plaintiff was affirmatively seeking to dismiss its claims without prejudice. Meanwhile, significant authority—including the Wright & Miller treatise, on which Bumble itself relies—establishes such a ruling would be inappropriate. Dkt. 46 at 19-20. Bumble's motion should be denied in full.

10

Dated: January 4, 2019　　　　　　　　　　　Respectfully submitted,

**CALDWELL CASSADY CURRY P.C.**

/s/ *Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
John F. Summers
Texas State Bar No. 24079417
Email: jsummers@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Marc Wolinsky (admitted *pro hac vice*)
Stephen R. DiPrima (admitted *pro hac vice*)
Nathaniel D. Cullerton (admitted *pro hac vice*)
**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY 10019
Telephone: 212-403-1000
Facsimile: 212-403-2000

**ATTORNEYS FOR
MATCH GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019 a copy of the foregoing documents was served upon all counsel of record through the Court's CM/ECF system.

　　　　　　　　　　　　　　　　　　　　/s/ *Bradley W. Caldwell*
　　　　　　　　　　　　　　　　　　　　Bradley W. Caldwell