# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **BUMBLE TRADING, INC. and BUMBLE HOLDING, LTD.,**<br><br>*Plaintiffs/Counter-Defendants,*<br><br>vs.<br><br>**MATCH GROUP, LLC,**<br><br>*Defendant/Counter-Plaintiff.* | Case No.: 6:18-cv-00350-ADA<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE ORIGINAL PETITION IN STATE COURT** |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE ORIGINAL PETITION IN STATE COURT**

I.   **INTRODUCTION.**

Bumble[1] filed a complaint in Texas state court, Match removed the case, and Bumble soon after sought voluntary dismissal under Rule 41(a)(2). This should have been a routine dismissal without prejudice, which courts in the Fifth Circuit "freely grant[]." (Dkt. 23 at 3.) Match had different plans. Match knew that Bumble would file a revised and non-removable complaint in state court, but Match wanted a federal forum. So Match launched a campaign to complicate Bumble's dismissal that has run roughshod over the Federal Rules of Civil Procedure and the purpose of the Declaratory Judgment Act. **Three motions** and **ten briefs** later, Match's Opposition to Bumble's Motion for Leave to File (Dkt. 60, "Opposition" or "Opp.") is the culmination of this campaign and lays bare its impropriety for all to see.

II.   **ARGUMENT.**

   A.   **Match Improperly Attempts to Use Its Declaratory Relief Counterclaims to Control the Forum of the Proposed Petition.**

Match knew it could not defeat Bumble's Motion for Voluntary Dismissal, given the permissive standard of Rule 41(a)(2). Instead, Match rapidly filed a set of mirror declaratory relief counterclaims. (Dkt. 30, "Counterclaims.") Match raced to file these Counterclaims, even before the Court ruled on Bumble's Motion for Voluntary dismissal, to head off Bumble from refiling a modified complaint in state court. Match does not care about resolution of its Counterclaims (many seek impossibly broad relief, e.g., a declaration that Match committed no business torts over a years-long negotiation, or are fully redundant with claims Match was already litigating for damages). These Counterclaims serve a single, ulterior purpose: To allow Match to argue that future state-law claims Bumble might file are compulsory counterclaims to the Counterclaims, and therefore must be litigated in Match's preferred federal forum. (*See* Opp. 2-5.)

While a clever strategy, Match was not the first to think of it. The tactic of using declaratory relief claims to control the forum of litigation is as old as the Declaratory Judgment Act itself; and for as long as parties have tried it, courts across the country have **resoundingly**

---

[1] The defined terms used in Bumble's Motion for Leave to File are used here. (Dkt. 59, "Motion".)

-1-

rejected it. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009) ("The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." (citation omitted)); *Dresser Indus., Inc. v. Ins. Co. of N. Am.*, 358 F. Supp. 327, 330 (N.D. Tex. 1973), *aff'd without opinion*, 475 F.2d 1402 (5th Cir. 1973) (holding declaratory action not meant "to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states"); *Lucchese, Inc. v. John Wayne Enters., LLC*, No. EP-17-CV-135-PRM, 2017 WL 3260493, at *6 (W.D. Tex. July 31, 2017) (rejecting declaratory action that would "disregard [plaintiff's] choice of forum, parties, and claims that the plaintiff, not the defendant, has a right to select"); *TK Holdings, Inc. v. Ordonez*, No. 1:17-CV-250-LY, 2017 WL 2923829, at *3 (W.D. Tex. July 6, 2017), *report and recommendation adopted,* No. 17-CV-250-LY, 2017 WL 5382067 (W.D. Tex. July 28, 2017) (declining to "allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum" (citation omitted)); *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987) (emphasizing " federal declaratory judgment is not a prize to the winner of the race to the courthouse" and "[t]he wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing" (citations omitted)); *BASF Corp. v. Symington,* 50 F.3d 555, 558-59 (8th Cir.1995) (similar); *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004) (similar). The only correct course is not to deny Bumble, the true plaintiff, its choice of forum for its state-law claims, but to dismiss Match's improper Counterclaims. *E.g.*, *UAW v. Dana Corp.*, No. 3:99CV7603, 1999 WL 33237054, at *5-6 (N.D. Ohio Dec. 6, 1999) (noting "presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit").[2]

---

[2] Even putting aside this abuse of the Declaratory Judgment Act, Match is wrong to contend that the Proposed Petition's claims must be plead as compulsory counterclaims in the present action. Match fails to cite a single case in support of this position. All of Match's cases instead discuss claims barred by the doctrines of claim or issue preclusion. (*See* Opp. at 2-4.) But those doctrines

### B. Match Improperly Attempts to Use its Declaratory Relief Counterclaims to Create Supplemental Jurisdiction for the Proposed Petition.

Match uses its sham declaratory relief claims for a similar and equally improper purpose. The Opposition argues there is supplemental jurisdiction over Bumble's proposed state-law claims because they share a common nucleus of operative facts with the Counterclaims. (Opp. at 5-6.) That fails for two reasons. First, this Court lacks jurisdiction to hear Match's state-law Counterclaims in the first place. (*See* Dkt. 33 at 5-9.)[3] Second, even if Match had requested a declaration under the Defend Trade Secrets Act, as Match falsely contends it already has (*see* Dkt. 56 at 5-6), this would still be an impermissible abuse of the Declaratory Judgment Act and the rules of supplemental jurisdiction: "The Declaratory Judgment Act [was not] intended to permit a person to invoke the jurisdiction of the federal courts **merely because he commenced a declaratory judgment action before the other party was able to commence his nonremovable coercive action in state court**." *Lexington Ins. Co. v. W. Star Transportation, Inc.*, No. 5:16-CV-179-C, 2017 WL 3867770, at *2 (N.D. Tex. May 2, 2017) (emphasis added) (quoting *First Fed. Sav. & Loan Ass'n v. McReynolds*, 297 F. Supp. 1159, 1161 (W.D. Ky. 1969)). That is precisely what Match hopes to do here. (Opp. at 5-6.)

### C. Match has Already Waived all of its Argument in the Opposition.

In any event, the Court does not have to reach any of these issues. Match already filed a **nonopposition** to Bumble's Motion for Voluntary Dismissal, thereby ending this inquiry and waiving all of the argument Match has raised since. (*See* Motion at 2-4.) The Opposition buries this issue, does nothing to rebut the authority Bumble cited in its Motion, and appears to concede that its arguments have been waived—asserting instead that the Court can rule on its own accord regardless of the position the "parties" (i.e. Match) previously took. (Opp. at 9 ("the Court is not bound by the parties' positions").) Neither the Court's *sua sponte* powers, nor anything in the

---

have no relevance here because there has been no final judgment. *See* 18 Charles A. Wright & Arthur R. Miller et al., Federal Practice & Procedure § 4406 (3d ed. 2018).

[3] Match also argues there is federal question jurisdiction over one of Bumble's original claims. (Opp. at 5.) Not so. Regardless, Bumble will file the Proposed Petition only after this Court grants the unopposed dismissal of that claim—so it cannot serve as a basis for supplemental jurisdiction.

Opposition, justify the simple fact that Match has now improperly presented dozens of pages of argument and already waived any argument of prejudice from a dismissal without condition.[4]

### D. Match makes the Outrageous Claim that Bumble is a Vexatious Litigant.

In the Fifth Circuit, conditioning a Rule 41 dismissal with a filing limitation is disfavored and, as Bumble noted in its Motion, neither party has identified a **single** case where a court did so without first finding a party vexatious. (Motion at 4-5.)  The Opposition again fails to produce any such case and tacitly endorses that filing limitations are only proper for vexatious litigants. (*See* Opp. at 6.)  Faced with no other choice, Match argues that Bumble is a vexatious litigant, supposedly because Bumble filed a complaint in state court, sought to have it voluntarily dismissed after it was removed, and intends to file a different complaint in state court in the future. (Opp. at 6 ("This is now Bumble's second distinct attempt to litigate this single case and controversy in a separate forum.").)  This does not amount to vexatious litigation and Match's own cases agree. *E.g.*, *Bechuck v. Home Depot USA, Inc.*, 814 F.3d 287, 292 (5th Cir. 2016) (finding no "pattern of past vexatious behavior" where case involved party's "first suit . . . and his first voluntary dismissal")[5]; *see also Saleh v. Time Warner Cable*, No. 3-16-cv-2782-BN, 2017 WL 979061, at *5-6 (N.D. Tex. Feb. 17, 2017) (finding no prejudice and refusing conditions on Rule 41 dismissal where party filed its first suit and sought its first voluntary dismissal).[6]  Match is essentially arguing that if a litigant makes use of Rule 41(a)(2) **once**, they should be treated as vexatious.  Not so.

### E. Match Makes the Even More Outrageous Claim that the Court has Already Ruled on these Issues.

Match's contention that the Court already ruled on Bumble's Rule 41 Motion is a stunning misstatement of the record.  (Opp. at 8.)  Match cites "12/10/18 Hr. Tr. at 15:4-15," but nothing

---

[4] Match's excuse for its flip-flop is unconvincing—that its nonopposition was made under "different facts," before transfer was granted.  When Match filed its nonopposition, it had already moved to transfer and Bumble had stated its nonopposition.  Transfer was a foregone conclusion.

[5] Match's characterization of *Bechuck*, (Opp. at 6), is patently inaccurate.  (*See* Motion at 4-5.)

[6] The only other cases Match cites on this issue show how baseless Match's allegation is here.  *See Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002) (finding party vexatious after **seven** lawsuits); *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (finding party vexatious after "forc[ing] defendants in and out of court for **almost five years**" (emphasis added)).

from those lines comes close to a ruling from the bench.  Here is what the Court stated on the issue:

> "I am deciding a little bit in the dark here so I'm not telling Bumble not to . . . come forward . . . I'll do my very best if you want to file a cause of action in state court and can persuade me that it's unrelated to what is already in my case and that it would be more fair to you to allow you to bring it in state court—let me make the record clear—I invite you to move the Court and I'll give Match an opportunity to explain why you're wrong . . . ."

(*See* 12/10/18 Hr. Tr. at 15:14-22.)  This motion is therefore not a motion for reconsideration as Match tries to make it out to be.

### F. There Are Two Distinct Disputes Between the Parties that Can and Should Be Litigated Separately.

Match sued Bumble, primarily alleging that Bumble's app violates Match's patents.  (*See* Case No. 18-cv-00080.)  That litigation, and the associated discovery, will concern the validity of the patents, other related claims, and the nature of Bumble's app—it will be largely resolved under federal law.  Bumble intends to sue Match for something fundamentally different:  Match's tortious conduct during negotiations for a possible acquisition of Bumble.  (*See* Dkt. 59-1.)  Match's Proposed Petition **has no nexus** with either Match's patents or Match's lawsuit.  (Dkt. 59 at 6-7.)  These are fundamentally different disputes, with virtually no overlapping discovery needs.[7]

The Opposition spills much ink explaining why Bumble is splitting claims and wasting resources with duplicative litigation.  (Opp. at 2-7.)  But the simple fact is that Match is suing Bumble in federal court and Bumble intends to sue Match in state court for unrelated violations of Texas law—the only remaining bridge between these two disputes is Match's Counterclaims, which were contrived for this very purpose.  Match has played a procedural game to try to keep state-law claims in federal court.  But the game is up, and the Opposition reveals Match's scheme for what it is.  Accordingly, the Court should permit Bumble to file the Proposed Petition in Texas state court.

---

[7] Match wrongly argues that even if the Proposed Petition is filed in state court, Match will allege patent counterclaims and remove under 28 U.S.C. § 1454.  (Opp. at 7-8.)  But of course a defendant cannot create federal question jurisdiction simply by alleging patent counterclaims **that have no nexus with the state-law claims they counter**.  *See Donahue v. Tokyo Electron Am., Inc.*, No. A-14-CA-563-SS, 2014 WL 12479285, at *8 (W.D. Tex. Sept. 2, 2014).

-6-

Dated: January 29, 2019

Respectfully submitted,

By: */s/ Matthew D. Caplan*

    Matthew D. Caplan (*Pro Hac Vice*)
    CA Bar No. 260388
    Michael G. Rhodes (*Pro Hac Vice*)
    CA Bar No. 116127
    **COOLEY LLP**
    101 California Street, 5th Floor
    San Francisco, CA 94111-5800
    Telephone (415) 693-2000
    Facsimile: (415) 693-2222
    mrhodes@cooley.com
    mcaplan@cooley.com

    Joseph M. Drayton (*Pro Hac Vice*)
    NY Bar No. 2875318
    **COOLEY LLP**
    1114 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 479-6000
    Facsimile: (212) 479-6275
    jdrayton@cooley.com

    Rose S. Whelan (*Pro Hac Vice*)
    DC Bar No. 999367
    **COOLEY LLP**
    1299 Pennsylvania Ave., NW
    Suite 700
    Washington, DC 20004
    Tel: (202) 842-7800
    Fax: (202) 842-7899
    rwhelan@cooley.com

    Deron R Dacus (TX 00790553)
    **THE DACUS FIRM, P.C.**
    821 ESE Loop 323, Suite 430
    Tyler, TX 75701
    Telephone: 903-705-1117
    Facsimile: 903-581-2543
    ddacus@dacusfirm.com

    ***Attorneys for Plaintiffs/Counter-Defendants: Bumble Trading, Inc. And Bumble Holding Ltd.***

-7-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record on January 29, 2018.

*/s/ Matthew D. Caplan*
Matthew D. Caplan

197901316